Good morning, Stephen Wax, Federal Defender for Mr. Vorce. This case involves a lonely logger in a very small town in Washington who had a cross-dressing issue, who responded to an advertisement in a magazine called Slightly Kinky that was placed by a person who was perhaps a bounty hunter. I'm not sure exactly what his relationship was because the record shows that he was not an official law enforcement officer with any of the agencies that ended up in this case, but was attempting to make cases and then find a prosecutor who would take them, in this case a prosecutor in Clatsop County, Oregon. Counsel, if he was not associated with any of the law enforcement agencies, does that preclude any entrapment argument? Your Honor, in the record below, it was not disputed that he had a sufficient connection so that that would not be an issue in this case. Whatever his relationship was, he was seen as a law enforcement officer, so that was not an issue at any point in the state system or in the district court in this matter. Is this a pivotal issue here, whether he raised the federal issue in the post-conviction proceedings in Oregon? I would be happy to get to that, Your Honor, if that is so. It's pivotal, isn't it? We believe that Mr. Vorce did raise this issue in the state system, both the sufficiency issue and the instruction issue. He raised the issue, but did he raise the federal issue? Yes. Our argument is that he did, and let me try to walk you through what I believe shows that in the record. With respect to the sufficiency issue, it seems to me that that can be divided into two separate questions. First, did he raise a federal due process claim? And second, what federal due process claim did he raise if the court finds that he did? Page 18 of the excerpt in his brief, his brief in the state system, Mr. Vorce cited the Supreme Court's decision in Jacobson for the proposition that the prosecution must prove predisposition beyond a reasonable doubt, and then went on to say at that point in his state brief that the record was devoid of evidence of predisposition. The state in its brief, page 56 in the excerpt, said that it has an obligation to disprove beyond a reasonable doubt that predisposition existed. And the state cited at that brief in approximately five pages the trial evidence. The state understood clearly that what Mr. Vorce was arguing about was the sufficiency of the evidence of predisposition, and it argued that. In the supplemental pleading that Mr. Vorce filed, which is at page 76 of the excerpt, he cited to this court's decision in Pullman, which had come down in the course of the processing of the case, and he pointed out that Pullman, he believed, was dispositive on all the issues, and then he recited on page 76 these three specific areas of the case on which he believed that Pullman was dispositive. So what we believe those parts of the record show is that Mr. Vorce did fairly present the sufficiency claim by citation to Jacobson and to Pullman. In terms of the second potential question here, which is raised by the state, what claim did he raise? Was he raising a claim of sufficiency, or was he raising a claim related to the state court's failure to grant his pretrial motion to dismiss? The record at page 14 shows that he moved for dismissal on the entrapment basis as a matter of law pretrial. The record shows, however, as I just argued at pages 18, 56, and 76, that that had to be seen on appeal as a challenge to the sufficiency of the evidence. And I would cite this court to the Lounsbury decision, which is in our briefs, where a similar issue was presented, the question of competency in that case. And the question there was, had Mr. Lounsbury raised the issue of procedural aspects of competency, or had he raised the issue as the substantive question of his actual competence? And what the court found there was that the two issues were sufficiently intertwined that Mr. Lounsbury satisfied the exhaustion requirements and had not defaulted, that he had fairly presented the claim. The law here, I think, makes that clear, that that is what happened, because in both the state and federal systems, in the cases that are cited in the briefs, it's repeatedly stated, when entrapment as a matter of law is raised and is being discussed on the appellate level after a trial, the court has to go through the Jackson analysis and looks at the evidence, analyzes the evidence, and decides whether or not any reasonable jury could find the facts. That's what occurred in this case. The state knew it. The state argued that. With respect to the jury instruction claim, again, we believe that the analysis of the record shows that that claim was also presented with fair reference to federal law. Again, I would start with the supplemental excerpt at page 76, in which Pullman is cited as authority on the jury instruction issue. And interestingly, in looking at the dissent in Pullman, I think we find that Pullman does indeed discuss instructions by noting, toward the end of the opinion at page 707, as the majority acknowledges, the district court properly instructed the jury. And the instruction that is set out is the instruction that Mr. Vorce sought. In addition, in the brief in the state court at page 32 of the excerpt, Mr. Vorce cited to the Eaglin and Hollingsworth cases, two federal cases. And I regret that I had not seen this in those cases when I wrote the brief, but when you look at page 500 to 501 in the Eaglin v. Wellborn case, you see a completely detailed discussion of the obligation to instruct on all of the elements, and if in a state case the jury is not given full instruction on all of the elements, then you have a due process violation. So under the decision in Reese and under the decisions of this court that make it clear that a person in the state system can satisfy the procedural requirements by citation to federal law, we have that in this case. He cited the right cases that have the discussion that is directly on point. So I believe, Your Honor, that with respect to both issues, this record makes clear that they were fairly presented. I could reserve the remainder of my time for rebuttal. If we were to disagree with you and say that the claim was not fairly presented, what then? We lose. Have you argued the adequacy of the state procedural rule that would keep you from going back now and presenting it? He has no remedy left in the state system, Your Honor. So if there is a default here, the case is over. Okay. Thank you. I reserve the remainder for rebuttal. Good morning. Carolyn Alexander for Respondent Dave Cook. Since the court has asked counsel about the default issues, I'll address those issues first unless the court has questions specifically about the merits. The default on the sufficiency of the evidence claim, I think, is abundantly clear, and I've made that clear, I believe, in the red brief. But just to address a couple of the issues that counsel raises. To me, this case is exactly the situation that Judge Nelson pointed out in his dissent in Reese, and that is judges aren't pigs. What's the phrase? Judges aren't pigs looking for troubles. Yes, that's the phrase. Thank you, Your Honor. That's the case here on both of these claims, the sufficiency of the evidence claim. What Petitioner did was challenge a pretrial motion to dismiss based on the anticipated evidence at trial, raising the argument that he was entrapped as a matter of law. He moved for judgment of acquittal at the close of the state's case. He didn't move for judgment of acquittal based on sufficiency of the evidence. He based his motion, I believe, on venue, impossibility, some other defenses, but he never raised the sufficiency of the evidence claim or made that argument at all. When the Court of Appeals reviewed that claim of error, it was only looking at the anticipated evidence. That's what the trial judge made his ruling on, on the pretrial motion to dismiss. The claim, the Jackson claim, has never been raised. Petitioner didn't cite to Jackson in his brief. The state didn't respond to a Jackson claim. That's a completely different claim based on the evidence that was presented to the jury at trial, not a pretrial motion to dismiss. They're two separate claims. They're two separate pots of evidence, if you will. Petitioner is trying to bootstrap that sufficiency of the evidence claim into this pretrial motion to dismiss claim, and they're just two separate things. In my brief, I referred to stately sweat, Oregon Court of Appeals case, and Petitioner takes umbrage with that, arguing that stately sweat is not an independent and adequate state ground. That wasn't the reason that I discussed sweat at all. Sweat merely stands for the position that, the proposition that a pretrial motion to dismiss is not the same thing as a sufficiency of the evidence claim. They are two different things, and the state court would have viewed these two claims as two different claims. The fact that the state argued that there was sufficient evidence at trial in the Court of Appeals brief has nothing to do with Petitioner's obligation of fair presentation. That doesn't relieve him of his obligation under Baldwin v. Rees to fairly present his claim, the specific facts of the claim, as well as the federal nature of the claim. He didn't raise a Jackson claim. On the instruction issue, he has the same problem, and even more so, actually, I believe, in the jury instructions issue. He has several procedural default problems on the jury instruction claim. He never assigned what he calls the Jacobson instruction as an assignment of error in his Court of Appeals brief. He had several jury instructions that discussed predisposition in his theory of the case. He didn't assign jury instruction number 23, which is his so-called Jacobson instruction, as error. So under Oregon Rules of Appellate Procedure 5.45, the Court of Appeals wouldn't have looked at it. Again, they would have had to go searching for truffles to come to the conclusion, oh, well, he really meant jury instruction number 23. He didn't help his case by failing to append jury instruction number 23, so he never even included the instruction in his Court of Appeals brief. So the Court of Appeals not only would have had to go to the appendix, they would have had to have even gone beyond that and said, well, no, we don't believe that's what he really means. What he really means is that he's challenging the Jacobson instruction. Judge Schwarzer already pointed to his main problem, again, is that he didn't rely on federal law, not to support the jury instruction claim. Although he cited Pullman, he cited Pullman to support the sufficiency of the evidence claim. And again, he still had a problem with failing to assign as error the Pullman decision. In his memo of supplemental authorities, when he discussed Pullman, he said, this is persuasive authority. In other words, the facts are like the facts in my case. He didn't assign as error either the sufficiency of the evidence claim based on Pullman or the jury instruction based on Pullman. I think this Court, in Casey v. Moore, and also, again, in Baldwin v. Reese, makes it very clear, again, judges don't have to go searching beyond the record and beyond what a petitioner or a defendant raises to look for what his real claim is. You have to say it, and you have to base the claim on federal law. And that just simply didn't happen in this case. Are there additional questions about the procedural default? No. I was going to say, if we got to the merits, what are your arguments? Okay. On the sufficiency of the evidence claim, the Jackson and Jacobson claim, I'd like to talk just for a minute about the element of inducement. In rereading the briefs, I think that issue has gotten glossed over, and it would help to say just a sentence or two about that. Entrapment actually has two elements. We focus here, in this case, on the element of predisposition. But an entrapment defense also raises the element of inducement. Petitioners assumed throughout his blue brief that, in fact, he was induced to commit this crime. I think that's an assumption that doesn't warrant after review of the evidence. Pullman, I think, is particularly instructive in terms of the explanation of the differences between inducement and predisposition or lack of predisposition. In Pullman, Judge Kaczynski said, and again, that's the law, Jacobson and the Supreme Court as well, inducement goes beyond providing an opportunity to commit a crime. And in Pullman, specifically, Judge Kaczynski writes, had Sharon, or the consultant law enforcement officer, merely responded enthusiastically to a hint that Pullman wanted to serve as her daughter's sexual mentor, there certainly would have been no inducement. That's exactly what happened in this case. There simply was no inducement. Bruce Ackerman, the consultant, or Nancy, referred to special education. Petitioner immediately jumped to the conclusion that that meant sex education and then proceeded to talk about the illegalities of that proposition. That's what makes Pullman very different from this case. And, in fact, didn't require the inducement that Mr. Pullman required in the Pullman case. The one thing I would say is about the jury instruction claim and the merits of that claim. That's the issue of counsel's closing argument and the comments that he made in closing argument. If, in fact, the uniform criminal jury instruction 1105, which was given in this case, is ambiguous, counsel cleared up any, or the prosecutor cleared up any ambiguities when he said specifically that if the person had no predisposition and would never have engaged in the conduct but for the actions of the police, then the issue of entrapment arises. Counsel argues in his reply brief that argument can't cure a legally erroneous instruction. That may be the case, but in Hayes v. Woodford, which he cites in his reply brief, this Court has held that when counsel's arguments cannot overcome a patently defective instruction, arguments can negate ambiguity in the instruction. And I look at that as basically a harmless error analysis, that even if the instruction was ambiguous, counsel cured, or the prosecutor cured any ambiguity by making it clear that the predisposition had to have been established before contact by the government or by the agent. Does the Court have further questions? It appears not. Thank you very much. Rebuttal. Thank you. Well, Your Honor, as I say, this is not a truffles case. This is a large Oregon chanterelle sitting in plain view. Looking at page 20, excuse me, 56 of the excerpt, the State's brief in the Court of Appeals, the State recognized and said, in evaluating the sufficiency of the evidence where the defense of entrapment is raised, the question is whether, viewed in the light most favorable to the State, a rational juror could conclude no entrapment occurred, C.E.G. State v. Cervantes. State v. Cervantes is the State case that says what Jackson says. And as we point out in our brief, through the three cases cited there, Oregon has no due process clause, and Oregon's statement of the Jackson issue is the Federal claim. So that is clearly and directly stated. Second, at page 56, again, the evidence is all the trial evidence. So what was presented in the Court of Appeals had to be the trial evidence, because under State law, it could not be review of the pretrial motion. And what the State is saying about Oregon's appellate procedures does not enable it to prevail in this court, because the Oregon Court of Appeals did not say that it was deciding based on the adequate and independent State ground of its appellate procedures. And as a result, this just is not a State default. Thank you. Thank you to both counsels. The case just argued is submitted for decision by the Court. The next case on calendar for argument is Tiarina v. Department of Energy. Thank you.
judges: T.G. Nelson, Rawlinson, Pollak